IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN REZNICKCHECK, LA-8517, )
    Petitioner, )
     )
    v. ) 2:18-cv-08
     )
PENNSYLVANIA BOARD OF )
PROBATION AND PAROLE, et al., )
    Respondents. )

MEMORANDUM and ORDER

    John Reznickcheck an inmate at the State Correctional Institution- Huntingdon has presented a petition for a writ of habeas corpus (ECF No.4). For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

    On May 13, 2013, petitioner was sentenced upon his pleas of guilty to various charges in Lancaster County, Pennsylvania and sentenced to a 1.5 to 5 year period of imprisonment.[1] It is not this sentence which petitioner challenges here, but rather the computation of his maximum sentence by the Pennsylvania Board of Probation and Parole ("the Board"). On July 30, 2015 parole was granted with a sentence expiration date of August 16, 2017. Following petitioner's arrest on August 20, 2016 by the City of Pittsburgh the Board determined that he should be detained pending disposition of those charges. On June 1, 2017 the Board determined that the petitioner should be recommitted as a convicted parole violator for a period of 6 months as a result of his conviction for indirect criminal contempt. A maximum sentence expiration date of August 15, 2018 was set.[2] Following an administrative appeal, on February 26, 2018 the Board explained its determination:

> The record in this matter reveals that, on November 18, 2016, you pled guilty to indirect criminal contempt of a protection from abuse order in the Court of Common Pleas of Allegheny County, Pennsylvania. This provides grounds for your recommitment as a

---
[1] See: Answer at Exhibit A.
[2] Id. at Exhibit B.

> convicted parole violator… A parole revocation hearing was held in your case on January 27, 2017. You are not entitled to relief on your claim that you were entitled to a detention hearing prior to your revocation hearing…
>
> You were released on parole on September 14, 2015, with a maximum date of August 16, 2017. At that point, 702 days remained on your sentence. Because you were recommitted as a convicted parole violator, you are required to serve the remainder of your original term and are not entitled to credit for any periods of time you were at liberty on parole. 61 Pa.C.S. § 6138(a)(2). You were detained by the Board for 8 days, from August 9, 2016 to August 17, 2016, and for 59 days, from September 20, 2016 to November 18, 2016, when [you] received a suspended sentence. Because you received a suspended sentence, credit for these periods was applied to your original sentence… Adding 635 days (702-8-59) to November 18, 2016 results in your August 15, 2018 [maximum].[3]

The relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for denying parole were based on the plaintiff's conduct both inside and outside the institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

The record clearly demonstrates that Reznickcheck's continued incarceration at the time the instant petition was filed is not the result of a violation of any federally protected rights. Thus

---

[3] Id. at Exhibit D.

his was sentence was adjusted to add the time he was on parole until his recommitment. This calculation is fully supported by the record. The continuation of his incarceration was fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
United States Magistrate Judge

ORDER

AND NOW, this 5th day of July, 2018, for reasons set forth in the foregoing Memorandum, the petition of John Reznickcheck for a writ of habeas corpus (ECF No. 4) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

s/ Robert C. Mitchell  
United States Magistrate Judge